

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor, Galveston County
Galveston, Texas

Dear Sir:

Opinion No. O-2366
Re: Taxability of oil payments

This will acknowledge receipt of your letter
dated May 13, 1940, in which you requested an opinion
of this Department on the following question, to-wit:

"Will you kindly advise me whether or
not an outstanding oil payment is a determining
factor in arriving at and fixing the valuation
to be placed on a leasehold interest for ad
valorem tax purposes?"

You stated in your letter that you had been
following our Opinion No.O-75, dated January 23, 1939,
addressed to Mr. J. F. Bryan, County Attorney of Bra-
zoria County, and had been assessing the value of the
full 7/8 working interest against the lease owner regard-
less of the fact that an oil payment might be outstand-
ing.

The Supreme Court of Texas decided this ques-
tion on November 22, 1939, in the case of State, et al v.
Quintana Petroleum Company, et al, 133 S.W. (2) 12, Opin-
ion by Judge Smedley, Commissioner. In that case, it
was held that the oil payment holder owned an interest
in land, which was subject to the real estate ad valorem
taxes, to the extent of its fair market value, and that
the lease owner was subject to the payment of real estate
ad valorem taxes on the fair market value of the interest
which he held, and that the value placed upon the inter-
est held by the lease owner plus the value placed upon

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. I. Fredezki, Page 2

the oil payment should equal the fair market value of the full leasehold estate, usually a 7/8 working interest, when considered as being free and clear of any oil payment.

It is our opinion that the opinion in the Quintana case covers your question, and that an outstanding oil payment should be assessed against the oil payment holder for the value determined by the tax assessor under the statutes to be its taxable value, and that the lease owner should be assessed by the tax assessor for the value of the full leasehold estate, which is usually a 7/8 working interest, less the value determined to be the taxable value of the oil payment or oil payments payable out of the leasehold estate.

We are enclosing herewith copy of the opinion in the Quintana Case.

Trusting that this satisfactorily answers your request, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 31, 1940

By

D. D. Mahon
Assistant

FIRST ASSISTANT
DDM:BT ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN